# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEXIS FOST | | : NO. |
| | **Plaintiff** | : |
| | | : ASSIGNED TO THE HONORABLE |
| | v. | : |
| CHARLES KENNEDY, US LEASING LLC, and HMD TRUCKING INC. | | : |
| | | : JURY TRIAL (12 JURORS) |
| | **Defendants** | : DEMANDED |

## COMPLAINT

Plaintiff, Allexis Fost, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., brings this Complaint against Charles Kennedy, US Leasing, LLC and HMD Trucking, Inc. and in support hereof, avers as follows:

## PARTIES

1. Plaintiff, Allexis Fost ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1928 Cricklewood CV, Fogelsville PA 18051.

2. Defendant, Charles Kennedy ("Kennedy"), is an adult individual residing at 120 Eagle Ln, Apt 13, Penn Yan, NY 14527.

3. Defendant, US Leasing, LLC ("US Leasing") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of the State of Illinois where it maintains a registered office and regular place of business at 1350 Texas St, Gary, IN 46402.

4. At all times relevant hereto, Defendant, US Leasing, acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests, including but not limited to Defendant, Kennedy.

5. Defendant, HMD Trucking, Inc. ("HMD Inc") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of the State of Illinois where it maintains a registered office and regular place of business at 10031 Virginia Ave, Chicago Ridge, IL 60415.

6. At all times relevant hereto, Defendant, HMD Inc, acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests, including but not limited to Defendant, Kennedy.

**JURISDICTION AND VENUE**

7. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1) and (a)(2).

8. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

9. On or about September 30, 2020, Plaintiff was operating a work zone vehicle, inside of a work zone, while in the course and scope of her employment.

10. On the date and at the time and place as aforesaid, Defendant, Kennedy, was operating a tractor trailer and proceeding in a westerly direction on Westbound I-78 approaching Plaintiff in a travel lane.

11. At all times relevant hereto, Defendant, Kennedy, was fatigued while operating the vehicle and was operating the vehicle in violation of the policies, Statutes, standards of care and FMCSA regulations set forth below.

12. On the date and at the time and place as aforesaid, Defendant, Kennedy, knew, or should have known, that he was too fatigued to remain awake behind the wheel of a motor vehicle, that he would most likely either fall asleep behind the wheel or be unable to operate his vehicle with the care and attention necessary to safely operate his vehicle because of his fatigue, and that he presented a high degree of risk of harm to other drivers on the highway; despite his knowledge of his condition and the high degree of risk of harm presented by it, he consciously disregarded the risk and continued to operate the vehicle.

13. At all relevant times hereto, Defendants, HMD Inc, and US Leasing, knew, or should have known, that Defendant, Kennedy, was too fatigued to safely operate a commercial vehicle and that he was operating the vehicle in violation of the policies, Statutes, standards of care and FMCSA regulations set forth below.

14. At all times relevant hereto, Defendants, HMD Inc, and US Leasing, knew, or should have known, that Defendant, Kennedy, was too fatigued to remain awake behind the wheel of a motor vehicle, that he would most likely either fall asleep behind the wheel or be unable to operate his vehicle with the care and attention necessary to safely operate his vehicle because of his fatigue, and that he presented a high degree of risk of harm to

other drivers on the highway a; despite its knowledge of Defendant, Kennedy's condition and the high degree of risk of harm presented by it, Defendants, HMD Inc and US Leasing, consciously disregarded the risk and permitted Defendant, Kennedy, to continue to operate the tractor trailer.

15. On the date and at the time and place as aforesaid, Defendant, Kennedy, fell asleep at the wheel of the tractor trailer while traveling at an excessive rate of speed, and as a result, the tractor trailer struck the rear of the vehicle Plaintiff was operating, flipping the vehicle on its side, causing Plaintiff to suffer the injuries and damages more full set forth at length below.

## COUNT I

### Allexis Fost v. Charles Kennedy

16. Plaintiff, Allexis Fost, incorporates by references all preceding paragraphs of this Complaint as if fully set forth at length herein.

17. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant, Charles Kennedy, in that he, *inter alia*, did:

(a). operate the tractor trailer when he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(b). operate the tractor trailer when he knew, or should have known, that he was beginning to fall asleep, or at risk of falling asleep at the wheel, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(c). operate the tractor trailer when he knew, or should have known, that he was unable to operate the tractor trailer with the care and attention necessary to safely operate the tractor trailer, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(d). fail to stop operating the tractor trailer when he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(e). fail to stop operating the tractor trailer when he knew, or should have known, that he was beginning to fall asleep at the wheel, or at risk of falling asleep at the wheel, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(f). fail to stop operating the tractor trailer when he knew, or should have known, that he was unable to operate the tractor trailer with the care and attention necessary to safely operate the tractor trailer, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(g). fail to notify Defendants, US Leasing and HMD Trucking, that he was too fatigued to safely operate a motor vehicle on the highway, when he knew or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(h). fail to notify Defendants, US Leasing and HMD Trucking, that he was beginning to fall asleep, or at risk of falling asleep at the wheel, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(i). fail to notify Defendants, US Leasing and HMD Trucking, that he was unable to operate the tractor trailer with the care and attention necessary to safely operate the tractor trailer, when he knew, or should have known, of same, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(j). falsely represent to his employer(s), Defendants, US Leasing and HMD Trucking, that he was not fatigued, not at risk of falling asleep at the wheel, and that he was able to safely operate the tractor trailer, when he knew, or should have known, that said facts were false, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(k). fail to recognize that he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(l). fail to recognize that he was beginning to fall asleep, or at risk of falling asleep at the wheel, when he knew, or should have known of same, and in conscious

5

disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(m). fail to recognize that he was unable to operate the tractor trailer with the care and attention necessary to safely operate the tractor trailer, when he knew, or should have known of same, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(n). operate the tractor trailer outside his marked lane of travel;

(o). operate the tractor trailer in multiple travel lanes on the highway;

(p). fail to recognize that his tractor trailer was on the path to exit, and then exiting his travel lane;

(q). fail to recognize that his tractor trailer was approaching and/or entering a work zone at an excessive speed of travel;

(r). fail to warn Plaintiff that his tractor trailer was on the path to exit, and then exiting his travel lane;

(s). fail to warn Plaintiff that his tractor trailer was approaching the rear of the vehicle Plaintiff operated;

(t). operate his tractor trailer at a speed too fast for his physical, emotional and mental condition then and there existing, and in excess of the speed limit;

(u). fail to stop his tractor trailer before striking Plaintiff's vehicle;

(v). fail to swerve his tractor trailer to avoid striking Plaintiff's vehicle;

(w). fail to see Plaintiff's vehicle established in the travel lane in front of him;

(x). fail to keep a constant look-out and view ahead of him as he operated the tractor trailer;

(y). operate the tractor trailer in violation of Defendants', US Leasing and HMD Trucking, guidelines, policies and procedures and standards of care and safety designed to prevent the operators of its vehicles from becoming fatigued, operating a vehicle while fatigued, operating a vehicle when he was in a condition that prevented him from safely operating it, and falling asleep at the wheel of a vehicle while the vehicle was in operation, when Defendant knew, or should have known, of the violations and operated the tractor trailer in conscious disregard of the violations and the extreme risk of bodily injury and death to Plaintiff and others similarly situated as a result thereof;

6

(z). violate 75 P.S. Sections 3326, 3309, 3714, 3102, 3361 and 3362, when Defendant knew, or should have known, of the violations, and acted in conscious disregard of his violation of said Sections and the extreme risk of serious injury or death to Plaintiff and others similarly situated;

(aa). violate 49 C.F.R. Sections 395.3, 395.8, 395.24, 392.3, 392.6, 383.110, 383.111, 383.12, and 391.11, when Defendant knew, or should have known, of the violations, and acted in conscious disregard of his violation of said Sections and the extreme risk of serious injury or death to Plaintiff and others similarly situated;

18. Solely as a result of the carelessness, negligence and recklessness of Defendant, Plaintiff was caused to suffer injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to: injuries to the cervical spine, arms, lower extremities, spine, knees, face and head.

19. As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to her great loss and detriment.

20. As a result of the above injuries, Plaintiff was and continues to be unable to attend to her usual employment duties and occupation and thereby suffered and suffers loss and depreciation of her earnings and earning power; she may continue to suffer the same for an indefinite period of time in the future, all to her great financial loss and detriment.

21. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, disfigurement, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to her great loss and detriment.

22. As a result of the above injuries, Plaintiff has been unable to engage in her usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to her great loss and detriment.

23. The aforesaid acts of negligence, carelessness, and recklessness of Defendant created a high degree of risk of harm to Plaintiff.

24. The aforesaid acts of negligence, carelessness, and recklessness of Defendant were committed in conscious disregard of, or indifference to high degree of risk of harm posed thereby and thus constitute outrageous, wanton and willful misconduct, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff, Allexis Fost, demands judgment against Defendant, Charles Kennedy, in an amount in excess of $150,000.00 plus punitive damages, interest and costs of suit.

## COUNT II

### Allexis Fost v. US Leasing, L.L.C.

25. Plaintiff, Allexis Fost, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

26. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant, US Leasing, in that it, *inter alia,* did:

   (a). commit the acts of negligence, carelessness and recklessness committed by its agent, servant, workman and/or employee, Defendant, Kennedy, set forth in Count I above, said averments being incorporated herein by reference;

   (b). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when he was too fatigued to safely operate a tractor trailer when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a tractor trailer and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(c). entrust the tractor trailer to Defendant, Kennedy, on the date of the accident when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a tractor trailer and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(d). entrust the tractor trailer to Defendant, Kennedy, when it knew, or should have known, that he had a propensity to act in a negligent or reckless manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(e). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when it knew, or should have known, that he intended to or was likely to use the tractor trailer or to conduct himself as a driver in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308 and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(f). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when it knew, or should have known, that he was not properly trained and certified to operate the tractor trailer in a safe and prudent manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(g). fail to provide sufficient and proper instruction, education and training to Defendant, Kennedy, that was necessary for him to operate the tractor trailer when he was not too fatigued to safely operate the tractor trailer, or likely to be too fatigued to safely operate the tractor trailer, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(h). fail to discover, when Defendant would have discovered upon the exercise of reasonable care, that Defendant, Kennedy was too fatigued to safely operate a tractor trailer, or likely would be too fatigued to safely operate a tractor trailer in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(i). fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Kennedy;

(j). permit, Defendant, Kennedy, to continue to work as Defendant's agent, servant, workman and/or employee, when said Defendant knew, or should have known, that he was unable to, refusing to and/or incapable of properly performing said requirements of his employment, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(k). fail to establish procedures, policies, rules and programs to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor

Carrier Safety Regulations, when Defendant knew, or should have known, that said policies, procedures, rules and programs were necessary to protect the public from harm, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(l). violate its own procedures, policies, rules and programs designed to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor Carrier Safety Regulations, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom; and

(m). violate the Federal Motor Carrier Safety Regulations, Including but not limited to the following, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom: 49 C.F.R. Section 395.3, 395.13, 395.27, 392.3, 390.11, 390.13, 385.52, 383.10, 383.11, 383.13, and 391.11.

27. Solely as a result of the carelessness, negligence and recklessness of Defendant, US Leasing, Plaintiff was caused to suffer the injuries and damages more fully set forth at length in Count I above, said averments being incorporated herein by reference.

28. The aforesaid acts of negligence, carelessness, and recklessness of Defendant created a high degree of risk of harm to Plaintiff.

29. The aforesaid acts of negligence, carelessness, gross negligence, and recklessness of Defendant were committed in conscious disregard of, or indifference to high degree of risk of harm posed thereby and thus constitute outrageous, wanton and willful misconduct, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff, Allexis Fost, demands judgment against Defendant, US Leasing, L.L.C., in an amount in excess of $150,000.00 plus punitive damages, interest and costs of suit.

## COUNT III

### Allexis Fost v. HMD Trucking, Inc.

30. Plaintiff, Allexis Fost, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

31. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant, HMD Trucking, in that it, *inter alia,* did:

> (a). commit the acts of negligence, carelessness and recklessness committed by its agent, servant, workman and/or employee, Defendant, Kennedy, set forth in Count I above, said averments being incorporated herein by reference;
>
> (b). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when he was too fatigued to safely operate a tractor trailer when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a tractor trailer and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
> (c). entrust the tractor trailer to Defendant, Kennedy, on the date of the accident when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a tractor trailer and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
> (d). entrust the tractor trailer to Defendant, Kennedy, when it knew, or should have known, that he had a propensity to act in a negligent or reckless manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
> (e). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when it knew, or should have known, that he intended to or was likely to use the tractor trailer or to conduct himself as a driver in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308 and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
> (f). direct, order or permit Defendant, Kennedy, to operate the tractor trailer when it knew, or should have known, that he was not properly trained and certified to operate the tractor trailer in a safe and prudent manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
> (g). fail to provide sufficient and proper instruction, education and training to Defendant, Kennedy, that was necessary for him to operate the tractor trailer when

he was not too fatigued to safely operate the tractor trailer, or likely to be too fatigued to safely operate the tractor trailer, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(h). fail to discover, when Defendant would have discovered upon the exercise of reasonable care, that Defendant, Kennedy was too fatigued to safely operate a tractor trailer, or likely would be too fatigued to safely operate a tractor trailer in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(i). fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Kennedy;

(j). permit, Defendant, Kennedy, to continue to work as Defendant's agent, servant, workman and/or employee, when said Defendant knew, or should have known, that he was unable to, refusing to and/or incapable of properly performing said requirements of his employment, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(k). fail to establish procedures, policies, rules and programs to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor Carrier Safety Regulations, when Defendant knew, or should have known, that said policies, procedures, rules and programs were necessary to protect the public from harm, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(l). violate its own procedures, policies, rules and programs designed to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor Carrier Safety Regulations, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom; and

(m). violate the Federal Motor Carrier Safety Regulations, Including but not limited to the following, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom: 49 C.F.R. Section 395.3, 395.13, 395.27, 392.3, 390.11, 390.13, 385.52, 383.10, 383.11, 383.13, and 391.11.

32. Solely as a result of the carelessness, negligence and recklessness of

Defendant, HMD Trucking, Plaintiff was caused to suffer the injuries and damages more

fully set forth at length in Count I above, said averments being incorporated herein by reference.

33. The aforesaid acts of negligence, carelessness, and recklessness of Defendant created a high degree of risk of harm to Plaintiff.

34. The aforesaid acts of negligence, carelessness, gross negligence, and recklessness of Defendant were committed in conscious disregard of, or indifference to high degree of risk of harm posed thereby and thus constitute outrageous, wanton and willful misconduct, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff, Allexis Fost, demands judgment against Defendant, HMD Trucking, Inc., in an amount in excess of $150,000.00 plus punitive damages, interest and costs of suit.

*COHEN, FEELEY, ALTEMOSE & RAMBO, P.C.*

BY:_____
Mark K. Altemose, Esquire
2851 Baglyos Circle
Bethlehem, PA  18020
(610) 625-2100
maltemose@cohenfeeley.com
*Attorney for Plaintiff*