IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEXIS FOST | : | NO. 5:21-cv-03262 |
| **Plaintiff** | : | |
| | : | ASSIGNED TO THE HONORABLE |
| v. | : | John M. Gallagher |
| | : | |
| CHARLES KENNEDY, | : | |
| US LEASING LLC, and | : | |
| HMD TRUCKING INC. | : | JURY TRIAL (12 JURORS) |
| | : | |
| **Defendants** | : | DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL AND OVERRULE OBJECTIONS TO REQUEST FOR PRODUCTION SET IV RESPONSES FROM DEFENDANT, HMD TRUCKING, INC. AND COMPEL PUNITIVE DAMAGE DISCOVERY RESPONSES FROM DEFENDANT, CHARLES KENNEDY**

Plaintiff, Allexis Fost, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., hereby moves this Honorable Court to enter an Order of Compelling Punitive Damage Discovery Responses from Defendant, Charles Kennedy and Overruling Defendant's, HMD Trucking, objections to Request for Production of Documents, Set IV, and Compelling full and complete responses thereto:

1. This is a personal injury trucking accident case arising out of an accident involving Plaintiff, and a Tractor Trailer being operated by Defendant, Charles Kennedy ("Matthews"), while employed by Defendant, HMD Trucking, Inc., on September 24, 2020. On said date, Defendant, Kennedy, was traveling on I-78 and fell asleep at the wheel, causing the vehicle to crash into and to strike Plaintiff, who was operating a crash truck with a blinking yellow arrow on it. At the time of the accident, Mr. Kennedy's vehicle was equipped with a video camera that showed the area in front of the vehicle and the crash. True and correct copies of videos from the three minutes before the accident and of the accident can be found at the hyperlink of

https://cohenfeeley-my.sharepoint.com/:f:/p/mmckarski/EgVBHCqFERFOqChAnj6WteABxxGNuM1tlz-OmZxHNeU1Zw

2. Plaintiff's Amended Complaint, alleges, among other things, accident was caused by the negligence, carelessness and recklessness of Defendant, HMD Trucking, in that it, *inter alia,* entrusted the tractor trailer to Kennedy when they knew of his propensity to act recklessness when driving, when they knew that such entrustment created an unreasonable risk of harm to others, when they knew Kennedy was not properly trained to operate a tractor trailer in a safe manner, when they knew that Kennedy was incapable of properly performing the requirements of his employment. *See* Plaintiff's Amended Complaint at ¶ 38; *see also Id.* at ¶38(o), (q), and (s).

3. On December 21, 2022, Plaintiff served Punitive Damage Discovery on Defendant Charles Kennedy. To the date of this instant Motion Defendant has refused to answer Punitive Damage Discovery in disregard to this Honorable Court's instructions to provide responses to the same.

4. As previously discussed with this Honorable Court, HMD Trucking employed a Netradyne System that recorded their drivers' actions, including Defendant Kennedy, as they drove. This system also registered "violations" or "events" when a driver went above 10 miles over the speed limit, would follow too closely to another vehicle, violate a traffic sign and would use this data to alert HMD Trucking when these violations occurred. As the Corporate Designee for HMD Trucking testified to (prior to making seven pages worth of substantive change to their testimony in the Errata sheet), HMD Trucking would be notified immediately of these violations and HMD Trucking relied on this data to know if their drivers were committing these acts.

5. On May 10, 2022, Plaintiff served Request for Production of Documents Set IV on Defendant, HMD Trucking. On June 10, 2022, Defendant HMD Trucking Responded to the requests by objecting and refusing to produce documents as follows:

1. Any and all documents, including but not limited to videos/dash cam videos from each angle (capturing the event/alert), relating to Defendant, Charles Kennedy, alerts or events, as defined by the Netradyne manual HMD 281-525, from October 2019 through September 24, 2020. By reference these events/alerts would include all "events" noted in the Excel document produced on 3/28/22, including: "High G", "Sign Violations", Traffic Light Violation", "Hard Braking", "Following Distance", "Speeding Violations", and "Camera Obstructions".

   **RESPONSE: Objecting Defendants object to this request because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case. It is temporally overbroad and would subject HMD to annoyance, oppression, and undue burden and expense were HMD to fully respond. It is also unreasonably cumulative and duplicative of Plaintiff's prior requests.
   Subject to and without waiving the foregoing objection(s), HMD has already produced numerous responsive documents, including HMD0606-0626.**

9. Any and all documents regarding any accidents involving sleeping and/or fatigue of a driver and vehicles owned by and/or leased by the Defendant, HMD Trucking Inc., for a period five years prior to and including the date of the accident.

   **RESPONSE: Objecting Defendants object to this request because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case. It is temporally overbroad and would subject HMD to annoyance, oppression, and undue burden and expense were HMD to fully respond.**

14. Any and all documents regarding any accidents involving vehicles owned by and/or leased by the Defendant, HMD Trucking Inc., for a period three years prior to and including the date of the accident.

   **RESPONSE: Objecting Defendants object to this request because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case. It is temporally overbroad and would subject HMD to annoyance, oppression, and undue burden and expense were HMD to fully respond. It is also unreasonably cumulative and duplicative of Plaintiff's prior requests. Finally, the DOT Accident Register maintained by HMD is protected by statutory privilege. 49 U.S.C. § 504(f);** *Sykes v.*

> *Bergerhouse*, No. CIV-20-333-G, 2021 WL 5098291, at *1–2 (W.D. Okla. Nov. 1, 2021); *Sajda v. Brewton*, 265 F.R.D. 334, 340–41 (N.D. Ind. 2009).
>
> 16. Any and all documents relating to record of duty status – Automotive Onboard Recording device (AOBRD) or Electronic Logging Device (ELD) for Charles Kennedy and the subject tractor trailer for 6.24.20 to 7.24.20.
>
> **RESPONSE: Objecting Defendants object to this request because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case. It is temporally overbroad and would subject HMD to annoyance, oppression, and undue burden and expense were HMD to fully respond. This request is also vague and ambiguous and Defendants cannot provide a meaningful response.**
> **Subject to and without waiving the foregoing objection(s), HMD has already produced Kennedy's logbook for the requested time period (see Ex. 8 to Corsello Deposition) and product documentation for the ELD system used by HMD during the requested time period (HMD0239-HMD00280).**

7. Fed. R. Civ. P. 26(b)(1) sets forth:

> Parties may obtain discovery regarding **any nonprivileged matter that is relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable.**

*Id.*

8. Defendant's answer to request number 1, the documents produced do not include the videos of each event or alert and only include a Monthly driver scores for Defendant Kennedy. It is respectfully asserted that these documents and videos will show that Defendants had knowledge of Mr. Kennedy's dangerous propensities prior to the accident date and knew he violated their policies and procedures which by their own standard deemed him incapable of safely driving a vehicle.

9. Defendant's responses to Request for Production Numbers 9 and 14 are also insufficient as they refuse to provide documentation regarding prior accidents their drivers were involved in, sleeping or otherwise, when Plaintiff specifically alleges that Defendant failed to

create and/or failed to enforce policies and procedures designed to prevent their drivers from engaging in behavior that would cause such accidents. The requested documents could be admissible to show that Defendants knew they needed to change their policies or enforce their policies and procedures more stringently to stop drivers from, among other things, driving above the speed limit, following too closely to vehicles, failing to abide by traffic signs, driving while drowsy or sleepy, and/or failing to operate vehicles safely in construction zones, which they knew were reasons for their drivers getting into accidents in the past and in fact were causes of this subject accident. Furthermore, these Requests do not seek Defendant's accident registry but documents involving prior accidents. *See also Sajda v. Brewton*, 265 F.R.D. 334, 340–41 (N.D. Ind. 2009)(finding a companies accident reports are discoverable, even if they are used to compile the information for the DOT); *Rogers v. Quality Carriers, Inc.*, 4:15-CV-22-JD-JEM, 2016 WL 11281169 (N.D. Ind. Nov. 15, 2016), report and recommendation adopted, 4:15-CV-22, 2017 WL 2641055 (N.D. Ind. June 19, 2017).

10.     Defendant's response to Request for Production number 16 is also insufficient as it refers to previously produced Electronic Logs and incorrectly bates stamped documents, which do not include the requested timeframe of ELD for 6.24.20 to 7.24.20. These documents were requested to be preserved through a preservation letter that Defendant acknowledges they received one month after the accident. These documents could be admissible to show that Defendant knew that Mr. Kennedy was violating the Federal Hours Driving requirements, similar to his violations for the two months leading up to this accident.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this Motion and enter and Order in the form attached hereto.

                        **COHEN, FEELEY, ALTEMOSE & RAMBO**

BY: _____
       Mark K. Altemose, Esquire
       Michael J. McKarski, Esquire
       2851 Baglyos Circle
       Bethlehem, PA  18020
       (610) 625-2100
       *Attorneys for Plaintiff*