IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ALLEXIS FOST,                           : | |
|         Plaintiff,            : | |
|                               : | |
| v.                                       : | Civil No. 5:21-cv-03262-JMG |
|                               : | |
| CHARLES KENNEDY, *et al.*,              : | |
|         Defendants.          : | |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   **July 11, 2022**

This is an auto accident case. In this latest entry of the parties' ongoing discovery saga, Plaintiff Allexis Fost has moved to compel punitive damages discovery and responses to several of her requests for production.

The motion, Plaintiff's second motion to compel to date (*see* ECF No. 58), comes after repeated efforts to informally resolve the parties' discovery disputes. The Court has held two discovery conferences (*see* ECF Nos. 44, 56); the parties have exchanged seven letters (*see* ECF Nos. 38, 40, 43, 47–49, 60); and yet the appropriate scope of discovery is still hotly contested. The Court now strives to put these disagreements to rest. For the reasons set forth below, Plaintiff's motion is denied in part and granted in part.

**I.      FACTUAL BACKGROUND**

On September 24, 2020, Defendant Charles Kennedy was driving a tractor trailer on I-78. (ECF No. 8 at ¶¶ 9–10.) Kennedy allegedly "fell asleep at the wheel . . . while traveling at an excessive rate of speed" when he abruptly rear-ended Plaintiff Allexis Fost's vehicle. (*Id.* ¶ 21.) Fost suffered permanent injuries because of the crash. (*Id.* ¶ 25.)

Fost brings negligence claims against Kennedy and his employers, HMD Trucking, Inc.

("HMD"), and US Leasing, LLC ("US Leasing"). (*Id.* ¶¶ 23–41.) She alleges that Defendants acted recklessly, and requests punitive damages as a result. (*See, e.g.*, *id.* ¶¶ 24, 31.) To that end, Fost further alleges, *inter alia*, that HMD and US Leasing "fail[ed] to use reasonable care in hiring, supervising, employing and/or promoting" Kennedy; "fail[ed] to provide sufficient and proper instruction, education and training to" Kennedy; and "fail[ed] to establish procedures . . . to ensure that its employees did not operate vehicles when the employees were too fatigued." (*Id.* ¶¶ 33(m), 33(i), 33(o).)

## II.  STANDARD

Federal Rule of Civil Procedure 37 governs the instant motion. Under that Rule, "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). Courts use a burden-shifting framework to analyze motions to compel. "The moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1)." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (internal quotation marks and citation omitted). "If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Id.* (internal quotation marks and citation omitted).

The scope of discovery is expansive, but it is not without limits. Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." *Atkinson*, 414 F. Supp. 3d at 744 (internal quotation marks and citation omitted). Ultimately, the "scope and conduct of discovery are within the sound discretion of the

trial court." *Id.* (citing *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 668 (3d Cir. 2003)).

### III.    DISCUSSION

Plaintiff's motion asks the Court to compel responses to (1) punitive damages discovery and (2) four requests for production. The Court addresses these topics in turn.

####    A.    **Punitive Damages Discovery**

Punitive damages have been at issue since the inception of this case. At the parties' Rule 16 conference, the Court rejected Defendants' request to bifurcate liability discovery from punitive damages discovery. (*See* ECF No. 29 at ¶ 4 (providing a single deadline for all fact discovery).) Defendants nevertheless objected to Plaintiff's punitive damages discovery requests. (*See, e.g.*, ECF No. 38.) During two subsequent status conferences, defense counsel even professed ignorance of the Court's decision not to bifurcate discovery. (*See* ECF Nos. 44, 56.) To that end, on April 22, 2022, the Court reminded the parties "that punitive damages discovery is to occur concurrently with ordinary fact and expert discovery." (*See* ECF No. 57 at 1 n.1.) Indeed, "the weight of authority among the district courts in this jurisdiction has established that documents relating to damages plaintiffs may obtain on their claims, including punitive damages, are discoverable." *Robinson v. Horizon Blue Cross-Blue Shield*, No. 2:12-cv-02981-ES-JAD, 2013 U.S. Dist. LEXIS 180325, at *12 (D.N.J. Dec. 23, 2013) (internal quotation marks and citation omitted).

Notwithstanding the Court's oral and written reminders, Defendants have yet to answer Plaintiff's punitive damages discovery requests. (*See* ECF No. 62 at 2.) Incredibly, Defendants claim, in conclusory fashion, that those responses are still "forthcoming." (ECF No. 65 at 4.)

Defendants cannot continue to kick the can down the road. Months have elapsed since

Plaintiff first served her punitive damages discovery requests;[1] this Court has been steadfast in advising Defendants of their obligation to respond to those requests; and the discovery period has already been extended, at least in part, because of Defendants' dilatory conduct. The Court will not tolerate further delay. Defendants are ordered to provide full and complete responses to Plaintiff's punitive damages discovery within fourteen days or, upon application to the Court, face sanctions.

### B.    Request for Production #9

This request for production calls for "[a]ny and all documents regarding any accidents involving sleeping and/or fatigue of a driver and vehicles owned by and/or leased by the Defendant, HMD Trucking Inc., for a period five years prior to and including the date of the accident." (ECF No. 62 at 3.)

Setting the overbreadth of this request aside—indeed, Plaintiff does not even attempt to articulate why the request is little more than a fishing expedition—Defendants have purportedly "conducted a diligent review of records within its possession, custody, and control and has been unable to identify any other accident involving sleeping and/or fatigue of a driver during the requested time period." (ECF No. 65 at 9.) "The Court cannot compel documents that do not exist." *Bracey v. Valencia*, No. 19-1385, 2021 U.S. Dist. LEXIS 235271, at *6–7 (W.D. Pa. Dec. 8, 2021) (citation omitted). As such, to the extent they have not already done so, Defendants are ordered to certify that they do not possess documents responsive to this request for production.

### C.    Request for Production #16

This request for production calls for "[a]ny and all documents relating to record of duty

---

[1]    On April 13, 2022, to facilitate the production of punitive damages discovery, the Court adopted the parties' stipulated protective order. (ECF No. 55.)

status . . . for Charles Kennedy and the subject tractor for 6.24.20 to 7.24.20." (ECF No. 62 at 4.)

In response, Defendants claim that they "previously produced the requested logs from 6.24.20 through 7.24.20." (ECF No. 65 at 10.) As such, to the extent they have not already done so, Defendants are ordered to certify that they have produced all documents responsive to this request that are within their possession, custody, or control.

### D.      Request for Production #1

This request for production calls for "videos/dash cam videos from each angle . . . relating to Defendant, Charles Kennedy . . . from October 2019 through September 24, 2020." (ECF No. 62 at 3.) Defendants highlight that they have already produced all "videos regarding Defendant Kennedy for the week leading up to the accident." (ECF No. 65 at 6.) Videos from the prior eleven months, they maintain, are both irrelevant and disproportionate to the needs of the case. (*Id.*) Defendants also emphasize the burden associated with the request: compliance would require "countless hours" of "download[ing] and renaming . . . several hundred videos."[2] (*Id.* at 7.)

The requested videos are relevant.[3] As Plaintiff explains, the videos would allegedly

---

[2]      Defendants alternatively argue that Plaintiff waived her right to compel responses to this request. (*See* ECF No. 65 at 1–3.) In support, Defendants point to this Court's Amended Scheduling Order dated April 22, 2022. (ECF No. 57.) That order provided that "Plaintiff shall file any motions to compel . . . discovery no later than May 6, 2022." (*Id.* at ¶ 1.) Because Plaintiff failed to abide by the deadline, the argument goes, Plaintiff waived her right to file a motion to compel concerning this request for production.

On the one hand, the Court acknowledges that Plaintiff could—and probably should—have moved to compel before the original April 22 deadline. On the other hand, the Court recognizes that, in a subsequent order, it extended the deadline to file motions to compel. (*See* ECF No. 61.) Given that subsequent order, the Court rejects Defendants' waiver argument and instead considers the merits of Plaintiff's motion.

[3]      That said, the Court also notes that the parties apparently failed to reach a good-faith compromise as to the scope of this request. Plaintiff originally requested similar documents "from 2019 through October 2020." (ECF No. 65 at 2 n.1.) Now, the temporal period only includes

"show that Defendants had knowledge of Mr. Kennedy's dangerous propensities prior to the accident date and knew he violated their policies and procedures." (ECF No. 62 at 4; *see also* ECF No. 8 at ¶ 33(f) (alleging that Defendants "entrust[ed] the tractor trailer to Defendant, Kennedy, when it knew, or should have known, that he had a propensity to act in a negligent or reckless manner").)

Having found the requested documents relevant, the burden now shifts to Defendants to oppose the request. Upon review, the Court is particularly swayed by Defendants' burden argument.

"[T]he sheer magnitude of the discovery request may be enough to tip the scales in favor of limiting discovery." 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.60 (3d ed. 2022). Plaintiff requests nearly a years' worth of videos, the compilation of which would require "countless hours" of review and associated expenses. (ECF No. 65 at 7.) District courts must not impose "inordinate and expensive burden[s]" in discovery. *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 118 (M.D. Pa. 2017) (internal quotation marks and citation omitted). That obligation is especially salient where, as here, written discovery may serve as an adequate, if imperfect, substitute for the production of electronically stored information. *Cf.* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.60 ("A court must limit . . . discovery methods . . . if the discovery sought is available from another source that is more convenient, less burdensome, or less expensive.") Defendants have already produced "a spreadsheet documenting each alert that the [dashcam video] system documented for Kennedy during his entire tenure at HMD (October 2019 to September 2020)." (ECF No. 65 at 7.) As such,

---

October 2019 through September 24, 2020. This is ultimately a distinction without a difference, at least as it pertains to the burden of producing the requested videos.

Plaintiff's motion is denied as it pertains to this request for production.

### E.     Request for Production #14

This final request for production calls for "[a]ny and all documents regarding any accidents involving vehicles owned by and/or leased by the Defendant, HMD Trucking Inc., for a period three years prior to and including the date of the accident." (ECF No. 62 at 3.)

Plaintiff maintains that such documents are relevant because they would establish that Defendants "failed to create and/or failed to enforce policies and procedures designed to prevent their drivers from engaging in behavior that would cause . . . accidents." (*Id.* at 4–5.)  In response, Defendants argue that the requested documents "are not probative of whether HMD negligently entrusted its truck to Kennedy." (ECF No. 65 at 9.)  Defendants further point to the burden associated with this request: "At the time of the accident, HMD had a fleet of over 200 drivers. HMD would have to review each accident file for the three-year period and remove privileged and non-responsive documents." (*Id.* at 10.)

The Court first finds that the requested documents are of attenuated relevance to the claims and defenses in this case.  Kennedy was only hired by HMD in October 2019 (*see* ECF No. 58-5 at 130:1–3), so documents from HMD that predate Kennedy's employment fall outside the relevant time period.  *Cf. Mun. Revenue Servs., Inc. v. Xspand, Inc.*, No. 4:cv-05-0671, 2007 U.S. Dist. LEXIS 11839, at *14 (M.D. Pa. Feb. 20, 2007) (denying motion to compel with respect to documents "outside the scope of the relevant time period of this case").

But even assuming, *arguendo*, the relevance of the requested documents, the Court credits Defendants' burden argument.  It would be patently unreasonable to compel Defendants to comb through files spanning three years and hundreds of drivers, many of which may not even involve

the sort of fatigue-induced accident at issue here.[4]  As such, Plaintiff's motion is denied as it pertains to this request for production.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's motion is denied in part and granted in part.  An appropriate order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[4]     In support, Plaintiff cites *Sajda v. Brewton*, 265 F.R.D. 334 (N.D. Ind. 2009), and *Rogers v. Quality Carriers, Inc.*, No. 4:15-cv-22-JD-JEM, 2016 WL 11281169 (N.D. Ind. Nov. 15, 2016), for the proposition that "documents involving prior accidents" are relevant.  Those cases are distinguishable.  The discovery requests at issue in those cases were not nearly as broad as those presented here.  *Sajda* concerned the production of three reports.  265 F.R.D. at 339.  *Rogers* concerned the production of a single report.  2016 WL 11281169, at *1.  By contrast, Plaintiff asks this Court to compel production of *three years'* worth of documentation.